Eric E. Lynch (SBN #25049)
Michelle M. Buckley (SBN# 030617)
Polsinelli PC
One East Washington St., Suite 1200
Phoenix, AZ 85004
Telephone: (602) 650-2000
Facsimile: (602) 264-7033
elynch@polsinelli.com
mmbuckley@polsinelli.com

Keith J. Grady (Pro Hac Vice to be filed)
Polsinelli PC
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
Telephone: (314) 889-8000
Facsimile: (314) 231-1776
kgrady@polsinelli.com

*Attorneys for Plaintiff Discovery Land Company, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Discovery Land Company, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Discovery Global, LLC, and Discovery Global Management Services, LLC,<br><br>    Defendants. | Case No:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Discovery Land Company, LLC ("Plaintiff" or "Discovery") states the following for its Complaint against Defendants Discovery Global, LLC ("Discovery Global") and Discovery Global Management Services, LLC ("Discovery Global Management") (collectively, "Defendants"):

## NATURE OF THE CASE

1. This is an action at law and in equity for: (1) trademark infringement under

74989750.1

the Lanham Act, 15 U.S.C. § 1114; (2) unfair competition and false designation of origin under 15 U.S.C. § 1125(a); (3) trademark infringement under A.R.S. § 44-1451; (4) trademark dilution under A.R.S. § 44-1448.01; (5) common law trademark infringement and unfair competition; (6) misappropriation of trade secrets under A.R.S. §§ 44-401 to 44-407; and (7) unjust enrichment.

2.  This action arises from (a) Defendants' unauthorized use of the names and logos of "Discovery Land Company"; (b) Defendants' unauthorized use of the confusingly similar names "Discovery Global" and "Discovery Global Management Services"; (c) Defendants' false representations to consumers that they are affiliated with Plaintiff in order to obtain development business; and (d) Defendants' continued refusal to cease operating under names confusingly similar to Plaintiff's incontestable trademark to mislead the public into believing that Plaintiff is sponsoring or otherwise involved in their development efforts.

3.  Plaintiff owns two federal trademark registrations for Discovery Land Company—one is for the Discovery Land Company mark and logo, U.S. Reg. No. 4,311,292 (registered on April 2, 2013 and is now incontestable) (Exhibit A), and the second is for the word mark Discovery Land Company, U.S. Reg. No. 5,622,442 (issued on December 4, 2018) (Exhibit B) (collectively, the "Discovery marks" or "Plaintiff's marks").

4.  Plaintiff was founded by Michael S. Meldman ("Meldman"). Plaintiff has used the Discovery marks continuously since at least 2000, and has spent enormous sums of money over that time to develop and refine its reputation and brand. Plaintiff is a full service real estate development company specializing in private residential club communities and resorts in the U.S. and around the globe. Plaintiff has grown to be a market leader in the high-end resort residential niche with 24+ world-class projects in its portfolio and more forthcoming.

5.  There are a number of different brands operating under Plaintiff's umbrella, including: Discovery Design, LLC, Discovery Home Services, LLC, Discovery Builders,

2

74989750.1

LLC, and a magazine titled *Discovery Life*. Plaintiff has always had complete control of its brands in order to protect its hard-earned reputation of excellence with the exclusive clientele it serves.

6. Defendants are not authorized to use the Discovery marks and logo, or colorable imitations thereof, in connection with Defendants' real estate development business. Defendants are illegally trading on the goodwill and reputation of Plaintiff, creating actual Marketplace[1] confusion, and a strong likelihood of continuing Marketplace confusion. Defendants are also wrongfully using Plaintiff's trade secret information to market their business and compete with Plaintiff. Defendants have been unjustly enriched by their use of Plaintiff's goodwill, trademarks and trade secrets. Unless enjoined by the Court, Defendants will continue to cause irreparable harm to Plaintiff. Plaintiff also seeks damages for Defendants' wrongful acts.

## **PARTIES**

7. Plaintiff Discovery Land Company, LLC is a Delaware limited liability company with a principal place of business at 14605 N. 73rd Street, Scottsdale, AZ 85260.

8. Defendant Discovery Global, LLC is a Delaware limited liability company, with a principal place of business at 4670 South Holladay Village Plaza, Suite 200, Salt Lake City, Utah 84117.

9. Defendant Discovery Global Management Services, LLC is a Delaware limited liability company, with a principal place of business at 4670 South Holladay Village Plaza, Suite 200, Salt Lake City, Utah 84117.

## **JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), and supplemental jurisdiction over the claims arising under the state and common law pursuant to 28 U.S.C. § 1367(a) because those claims

---

[1] Marketplace in this context is defined as land sellers, joint venture developers, capital partners, and end-user property purchasers.

3

1  are so related to the Lanham Act claims that they form part of the same case in
2  controversy.
3       11.   Venue is proper in the District of Arizona under 28 U.S.C. § 1391(b)
4  because a substantial part of the acts giving rise to this cause of action occurred within
5  this District.  Defendants have and are committing numerous tortious acts designed to
6  intentionally and maliciously interfere with and to disrupt the business operations of
7  Plaintiff in this District.  Defendants have committed and are committing acts of unfair
8  competition, dilution of and infringement of Plaintiff's trademarks, have misappropriated
9  Plaintiff's trade secrets and/or Defendants are contributing to or inducing the acts
10 complained of herein throughout.
11      12.   This Court has personal jurisdiction over each of the Defendants for the acts
12 underlying the basis for this Complaint, and still further in accordance with the broadest
13 reach of and consistent with Arizona's Long Arm Statute as follows:
14      a.    Defendants purposefully and intentionally directed communications to
15 Plaintiff and others within this District and sent communications from this District
16 claiming the right to use the Discovery marks and refusing to cease and desist from this
17 infringing activity;
18      b.    Defendants have held themselves out to third parties as affiliated with
19 Discovery after being informed by Plaintiff to cease doing so and have solicited business
20 from customers and potential customers of Plaintiff, intending to cause confusion and
21 disrupt the business of Plaintiff and to cause harm in this District;
22      c.    Defendants' communications were intended to purposefully and
23 maliciously interfere with Plaintiff's various business and customer relations on the whole
24 given the wide ranging activities in which Defendants have engaged, with all such tortious
25 acts of Defendants directed to and intended to harm Plaintiff in this District, as Plaintiff's
26 activities are controlled in this District;
27      d.    Defendants' communications clearly evidence the misappropriation,
28 pirating and wrongful use of Plaintiff's intellectual property, namely the trademarks

4
74989750.1

rightfully vested in Plaintiff and which Plaintiff manages and controls in this District;

    e.    Defendants, through acts of unfair competition, dilution and infringement of Plaintiff's marks, and/or inducing or contributing to all such complained of acts, have caused and are causing harm to Plaintiff and/or others in this District that are related to or who are customers of Plaintiff and that rely upon Plaintiff in the policing and protecting of the goodwill associated with Plaintiff's marks that provide substantial value, the loss of such through complained of acts of Defendants would cause substantial harm in this District;

    f.    Defendants through their misappropriation of Plaintiff's confidential and valuable trade secret information have harmed and are causing harm to Plaintiff in this District;

    g.    Defendants have been unjustly enriched by Plaintiff's goodwill, trademarks, financial contributions in this District; and

    h.    Defendants, through their communications and all other complained of acts, have purposefully availed themselves of this Court's jurisdiction through their systematic efforts directed towards Plaintiff through Defendants' overt misappropriation, pirating, and wrongful use of Plaintiff's intellectual property which is managed and controlled in this District; through the various and substantial contacts and assertions of rights not legitimately held by Defendants in their communications to third parties, which constitute harassment of Plaintiff, and to otherwise interfere with the business operations, relationships and intellectual property rights of Plaintiff, harm Plaintiff in this District, and Defendants should either expect or reasonably expect that their actions would subject them to this Court's jurisdiction.

## BACKGROUND

**I.    Plaintiff's Trademarks**

13.    Plaintiff's Discovery Land Company mark was first used in commerce at least as early as 2000 and updated in 2006. The mark includes a mariner's compass logo with compass points and the letter "D" at the center. The mark also includes the stylized

5

word "Discovery" above the words "Land Company." The mark was assigned U.S. Reg. No. 4,311,292. It was registered on April 2, 2013 and is now incontestable.

14. The mark is registered in International Class 37 and covers the following goods and services: "Real estate development, real estate site selection, land development services, namely, development of planned communities and golf courses, planning and laying out of residential communities and golf courses, construction services, namely, planning, laying out and custom construction of residential developments and golf courses, online information services in the fields of the development of planned communities and residential developments and development of recreational facilities and golf courses." The mark is also registered in International Class 41 and covers the following goods and services: "country club services, golf courses, providing recreational facilities for use as golf courses, online information services in the field of golf, golf courses, recreational facilities and recreation." For Class 41, the mark was first used in commerce on August 8, 2009.

15. The mark as registered is set forth below:



16. Plaintiff's second mark for Discovery Land Company is a standard word mark. This mark was first used in commerce at least as early as 2000. The word mark was registered on December 4, 2018 and assigned U.S. Reg. No. 5,622,442. The mark is registered in International Class 37 for: "real estate development, real estate site selection, land development services, namely, development of planned communities and golf

6

1  courses, planning and laying out of residential communities and golf courses, planning
2  and laying out of residential communities, construction services, namely, planning, laying
3  out and custom construction of residential developments and golf courses, online
4  information services in the fields of the development of planned communities and
5  residential developments and development of recreational facilities and golf courses."
6  The mark is also registered in International Class 41 for: "country club services, golf
7  courses, providing recreational facilities in connection with golf and water sports, online
8  information services in the field of golf, golf courses, recreational facilities and
9  recreation."  The mark as registered appears below:

DISCOVERY LAND COMPANY

14      17.    Plaintiff has continuously and extensively advertised, marketed and
15  promoted their exclusive resort properties using the Discovery marks in the United States
16  and throughout the world.  Plaintiff has expanded its related brands over the years as its
17  service offerings have expanded, including:  Discovery Design, LLC, Discovery Home
18  Services, LLC, Discovery Builders, LLC, and a magazine, *Discovery Life*.  Plaintiff has
19  always had complete control of its brands in order to protect its hard-earned reputation
20  with the clientele it serves.

21      18.    Plaintiff has invested enormous sums of money to promote these brands
22  through its website, its magazine, *Discovery Life*, and through other avenues.  Through
23  Plaintiff's efforts, the Discovery marks have acquired secondary meaning and
24  distinctiveness among consumers and members of the industry, and the marks continue
25  to have secondary meaning and distinctiveness.  The Discovery marks are now widely
26  known and recognized as a signifier of Plaintiff's exclusive resorts that are private club
27  communities that offer world-class services and unparalleled amenities.

28      19.    The Discovery marks identify to consumers and members of the industry

7

that Plaintiff is the source of the luxurious services and exclusive properties, and the trademarks have come to be, and now are, well and favorably known to the public, particularly to consumers, as being associated with Plaintiff's unparalleled luxury and service.

## II.     Discovery Global and Discovery Global Management

20. Discovery Global and Discovery Global Management was contemplated as a business venture between Plaintiff and Denton House Interiors, Inc. ("Denton House"), an interior design firm that provides services as an independent contractor to Plaintiff's affiliate, Discovery Design, LLC.

21. Rebecca Buchan ("Buchan"), the founder and principal of Denton House has worked closely with Plaintiff's affiliate, Discovery Design, LLC for many years. As a result, Buchan is familiar with Plaintiff's brand, business practices, new business development, and extensive clientele/contacts throughout the world.

22. In 2019, Buchan contacted Meldman and proposed that Denton House and Plaintiff collaborate on certain international development projects using the Discovery brand. Meldman believed a collaboration operating under Plaintiff's umbrella would be successful given the value of the Discovery brand, his reputation in the industry and Denton House's familiarity with Plaintiff's business practices.

23. At all times, Meldman made clear to Buchan that Plaintiff would only enter a potential business venture if Plaintiff had a controlling interest in the operation, management and income of the venture to maintain and protect Plaintiff's reputation, marks, customer base and goodwill.

24. In anticipation of the prospective business venture, Plaintiff contributed substantial resources to its creation including, but not limited to: (i) financial resources; (ii) the time and efforts of its employees including, but not limited to, Tom Collopy and Tom Hogan; (iii) Plaintiff's marketing materials; and (iv) the Discovery marks.

25. In late 2019, Buchan formed Discovery Global and Discovery Global Management. The Operating Agreement for Discovery Global, however, did not reflect

1  the controlling interest of Plaintiff.

2      26. Consistent with prior discussions and Plaintiff's expectations, Meldman insisted that the Operating Agreement of Discovery Global be amended to provide Plaintiff a majority interest and total managerial control over the organization since it was to be operated using the Discovery brand and under Plaintiff's umbrella.

    27. Plaintiff provided Buchan a revised draft Operating Agreement for Discovery Global. Buchan would not agree, however, to provide Plaintiff a controlling interest in the operation, management and income of Discovery Global. The parties also could not agree which Plaintiff-sourced projects would be included in the potential venture.

    28. Despite Buchan and Meldman's efforts to negotiate a resolution, none was reached. As a result, Meldman informed Buchan that neither he nor Plaintiff would be joining this new venture and that Discovery Global was no longer authorized to use the Discovery name as its brand and could no longer use Plaintiff's marketing materials to procure business.

    29. In response, Buchan proposed a branding agreement under which Discovery Global would be permitted to continue promoting projects under the Discovery brand and in exchange, would pay Plaintiff 60% of the net revenue from projects using the Discovery brand after payment of Discovery Global's operating expenses. Plaintiff rejected this proposal as it could not agree to relinquish control of operations for an entity using the Discovery brand and marks. Meldman again informed Buchan that Discovery Global was no longer authorized to use the Discovery brand.

    30. Notwithstanding the parties' failure to reach an agreement and Plaintiff's clear direction to cease using the Discovery brand and marks, Discovery Global and Discovery Global Management continue to operate in violation of Plaintiff's marks and use Plaintiff's copyrighted marketing materials in violation of its intellectual property rights. In particular, Defendants used Plaintiff's marks and materials in efforts to obtain development business including, but not limited to: the Mayflower, Amaala, and La Nosy

9

Mitsio projects, among others.

31. Defendants' ongoing use of Plaintiff's marks and materials (after the parties failed to reach an agreement) has caused confusion in the Marketplace and continues to do so. Examples of this confusion include several clients and potential clients of Plaintiff contacting Meldman and other Discovery employees to inquire whether Plaintiff is involved in Defendants' business including, but not limited to (i) multiple persons with Dolphin Capital (a United Kingdom/Greek financial firm which funds luxury developments throughout the world); and (ii) investors and/or customers of Plaintiff inquiring about the Amaala (Saudi Arabia), La Nosy Mitsio (Madagascar) and Mayflower (Utah) projects.

### III.     Plaintiff's Customer List and Database

32. Over the past three decades in the luxury development market, Plaintiff has developed an extensive base of customers, potential customers, investors and business contacts. This information is essential to Plaintiff's operation and growth in its line of business.

33. Plaintiff's extensive customer list and database includes, among other things, valuable and detailed information and spreadsheets concerning, *inter alia*: (i) actual and prospective customers and/or investors including, contact information, financial data and other personal information; (ii) data regarding Plaintiff's past sales and transactions; and (iii) club membership lists for Plaintiff's communities and resorts.

34. The type of information in Plaintiff's customer list and database was gained at great effort and expense over time.

35. Plaintiff made reasonable efforts to maintain the secrecy and confidentiality of its customer list and database by, among other measures, limiting disclosure to key personnel and strictly conditioning its use to purposes that benefited Plaintiff's marketing and development interests.

36. Plaintiff's customer list and database was, and remains, a tremendous asset and supports its position as a leading luxury development entity in its class.

10

74989750.1

37. Appropriation and use of Plaintiff's customer list and database by competitors would cause severe detriment to Plaintiff and provide an unfair advantage—with great economic benefit—to competitors.

38. Defendants are misrepresenting to others that Defendants are authorized to use Plaintiff's proprietary customer list and database and are, in fact, wrongfully using Plaintiff's customer list and database to advance their real estate development business to the detriment of Plaintiff.

**FIRST CAUSE OF ACTION**

**(Infringement of a Federal Trademark under 15 U.S.C. § 1114 )**

39. Plaintiff re-alleges and incorporates by reference as if fully set forth herein all previous allegations.

40. Since 2006, Plaintiff has continuously used the Discovery marks in connection with the marketing, advertising and promotion of its exclusive real estate and resort developments and residential communities.

41. Defendants' unauthorized use of Plaintiff's federally registered trademarks through the use of Discovery Global and Discovery Global Management in the promotion of its goods and services is likely to and has actually caused confusion in the Marketplace as to the source of the goods and services being offered by Discovery Global and Discovery Global Management and constitutes trademark infringement.

42. Plaintiff has been informed of actual confusion in the Marketplace caused by Defendants' unauthorized use of its federally registered trademarks by investors and/or customers concerning (i) the One and Only project in Greece; (ii) the Amaala project in Saudi Arabia; (iii) the La Nosy Mitsio project in Madagascar; and (iv) the Mayflower Project in Utah.

43. Defendants are aware of Plaintiff's marks, the value of those marks in the industry and Plaintiff's extensive use and promotion of its Discovery brand due to Buchan's formerly close affiliation with Plaintiff.

44. Notwithstanding Defendants' knowledge of Plaintiff's marks, Defendants

11

74989750.1

have continued to use those marks in an effort to trade on the goodwill and recognition associated with those marks that Plaintiff built through decades of investment in the promotion of the marks and the provision of unparalleled services and goods under the marks.

45. Defendants' actions were designed to deceive and mislead clients into believing that Discovery Global and Discovery Global Management are associated with Plaintiff through the use of confusingly similar marks.

46. Defendants have been instructed to cease using the Discovery marks but have refused to do so despite their knowledge of Plaintiff's federally registered marks. Accordingly, Defendants' infringement is willful and Plaintiff is entitled to recover treble damages and attorneys' fees under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

**(Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a))**

47. Plaintiff re-alleges and incorporates by reference as if fully set forth herein all previous allegations.

48. Since 2006, Plaintiff has continuously and extensively used its Discovery marks and logo throughout the United States and the world in connection with the marketing and advertising of the development, leasing and sale of its exclusive resort properties.

49. Plaintiff's marks have come to represent and symbolize high quality development projects, and properties synonymous with luxury and unparalleled service.

50. Defendants are not authorized to use Plaintiff's marks. In fact, Defendants were specifically instructed to stop using these marks but their use has continued, unabated.

51. Defendants' unauthorized use of Discovery Global and Discovery Global Management is likely to cause confusion or mistake, or to deceive customers into falsely believing that Defendants are approved by, sponsored by, endorsed by, or otherwise affiliated with Plaintiff in violation of Section 43(a) of the Lanham Act.

52. Defendants' use of Discovery Global and Discovery Global Management described above is and was intentional, willful, and in reckless disregard for Plaintiff's trademark rights.

53. Defendants' conduct described above has misappropriated and diminished the value Plaintiff's created in the marks.

54. Defendants' actions described above have unjustly enriched Defendant.

55. Defendants' actions described above have and are continuing to cause irreparable injury to Plaintiff for which there is no adequate remedy at law.

56. Defendants' actions described above constitute false designation of origin entitling Plaintiff to remedies set forth in 15 U.S.C. §§ 1117 and 1118.

## THIRD CAUSE OF ACTION

### (Trademark Infringement under A.R.S. § 44-1451)

57. Plaintiff re-alleges and incorporates by reference as if fully set forth herein all previous allegations.

58. Plaintiff has continuously and extensively used the marks throughout the United States and the world in connection with the development, marketing and advertising of the leasing and sale of their exclusive resort properties.

59. Plaintiff's marks have come to represent and symbolize high quality products and unparalleled services.

60. Defendants are not authorized to use Plaintiff's marks.

61. Defendants' continued unauthorized use of Discovery Global and Discovery Global Management is likely to cause and has actually caused confusion or mistake, or to deceive customers into falsely believing that Defendants are approved by, sponsored by, endorsed by, or otherwise affiliated with Plaintiff.

62. Defendants' use of their infringing marks described above is and was intentional, willful, and in reckless disregard for Plaintiff's trademark rights.

63. Defendants' conduct described above has misappropriated and diminished the value Plaintiff created in the marks.

13

64. Defendants' actions, as alleged in this Complaint, have interfered with and will continue to interfere with Plaintiff's ability to conduct its business, and constitute unfair competition at common law.

65. As a result of Defendants' acts, Plaintiff has suffered actual damages for which they may recover.

66. Defendants' actions described above have and are continuing to cause irreparable injury to Plaintiff or which there is no adequate remedy at law.

### FOURTH CAUSE OF ACTION

**(Trademark Dilution under A.R.S. § 44-1448.01)**

67. Plaintiff re-alleges and incorporates by reference as if fully set forth herein all previous allegations.

68. Defendants' use of the Discovery Global and Discovery Global Management marks is likely to cause dilution of the distinctive quality of Plaintiff's famous and valuable marks and is likely to cause injury to Plaintiff's business reputation in violation of A.R.S. § 44-1448.01.

69. Defendants' selection of the Discovery Global and Discovery Global Management marks was done with full knowledge and awareness of Plaintiff's famous marks.

70. Defendants willfully intended to trade on Plaintiff's reputation and/or to cause dilution to Plaintiff's famous marks.

71. Defendants' dilution of Plaintiff's marks has caused and will continue to cause irreparable injury and damage to Plaintiff's business, reputation, and goodwill. Plaintiff has no adequate remedy at law to prevent this injury.

### FIFTH CAUSE OF ACTION

**(Common Law Trademark Infringement and Unfair Competition)**

72. Plaintiff re-alleges and incorporates by reference as if fully set forth herein all previous allegations.

73. Defendants' acts complained of herein constitute unfair competition under

74989750.1

the laws of the State of Arizona.

74. Defendants' use of their infringing Discovery Global and Discovery Global Management marks is likely to cause Marketplace confusion to consumers of the state of Arizona.

75. Defendants have acted with intent, through multiple business communications, to cause Marketplace deception and confusion. Indeed, Defendants have used Plaintiff's marks, copyrighted marketing materials and proprietary customer list and database in their efforts to confuse the public and to unfairly compete with Plaintiff for development business.

76. Defendants' acts complained of herein were intentional, wanton, willful, and committed in bad faith with the intent to confuse and deceive the public.

77. Defendants have been unjustly enriched and have caused damage to Plaintiff's business, reputation, and goodwill.

78. Additionally, Plaintiff has federal and common law rights in the marks through the use of those marks in commerce, such rights existing long before any use by Defendants of the Discovery Global and Discovery Global Management marks.

79. Defendants' acts complained of herein constitute common law infringement of the Discovery marks.

80. Upon information and belief, Defendants have undertaken these acts willfully and with the intent to trade on Plaintiff's reputation and to cause confusion, mistake, and deception.

81. Defendants' acts complained of herein have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

82. Upon information and belief, as a direct and proximate result of these violations, Plaintiff has sustained actual losses and damages.

## SIXTH CAUSE OF ACTION

**(Misappropriation of Trade Secrets under A.R.S. § 44-401, *et seq.*)**

83. Plaintiff re-alleges and incorporates by reference as if fully set forth herein

all previous allegations.

84. Plaintiff's proprietary and confidential information including its extensive customer list and database constitute trade secrets as set forth in A.R.S. § 44-401, *et seq*.

85. These trade secrets have substantial value to Plaintiff and also would be of great value to its competitors.

86. This information could not be compiled from sources that are a matter of public knowledge.

87. Plaintiff maintained reasonable security measures to protect the secrecy and confidentiality of this information.

88. Plaintiff's customer list and database is protectable as a trade secret because it represents a selective accumulation of detailed, valuable information about customers and potential customers, business contacts and/or investors that would not naturally be available to those in the business without substantial efforts to develop such information.

89. Plaintiff's customer list and database was developed through substantial efforts to identify and cultivate its customer base over the course of decades in the business.

90. Plaintiff's customer list and database provides a source of competitive advantage to Plaintiff over others in the industry.

91. Defendants are using Plaintiff's customer list and database to market their real estate development business and compete with Plaintiff.

92. Defendants have misappropriated Plaintiff's trade secrets through improper means, disclosure and/or use of such trade secrets in violation of A.R.S. § 44-401, *et seq*.

93. Defendants have already disclosed such trade secrets and threaten to continue disclosure of such trade secrets in the future.

94. Defendants have misappropriated Plaintiff's trade secrets for their own benefit and for the purpose of competing with Plaintiff.

95. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and will continue to suffer, incalculable financial loss, loss of the

16

confidentiality of its trade secrets as well as loss of goodwill and other damages.

96. Without injunctive relief, Plaintiff will suffer irreparable injury for which it has no adequate remedy at law.

97. As a result of Defendants' wrongful conduct, Plaintiff is entitled to preliminary and permanent injunctive relief, damages in an amount to be determined at trial and attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION
### (Unjust Enrichment)

98. Plaintiff re-alleges and incorporate by reference as if fully set forth herein all previous allegations.

99. In furtherance of the prospective business venture which ultimately became Discovery Global and Discovery Global Management, Plaintiff provided financial resources, employee time and effort, and limited authorized use of its marketing materials and the Discovery marks (until the relationship was terminated and the authorization was expressly revoked) with the reasonable expectation that Plaintiff would receive compensation in the form of a controlling interest in the operation, management and income of the venture.

100. Defendants have economically benefitted from the contributions provided by Plaintiff and have been unjustly enriched to Plaintiff's detriment.

101. It would be inequitable and unjust to allow Defendants to retain the economic benefits conferred upon them without compensation to Plaintiff.

102. By engaging in the conduct complained of herein, Defendants will, through its use of marks confusingly similar to Plaintiff's marks, induce consumers to conduct business with Defendants.

103. By engaging in the conduct complained of herein, Defendants have been, or will be, unjustly enriched by Defendants' ability to obtain business using marks confusingly similar to Plaintiff's marks.

104. Defendants have been enriched by their misappropriation and use of

17

74989750.1

Case 2:20-cv-01940-MTL   Document 1   Filed 10/05/20   Page 18 of 20

Plaintiff's proprietary and confidential information including, without limitation, its customer list and database as described herein.

105. Defendants have wrongfully used Plaintiff's proprietary and confidential information to the detriment and harm of Plaintiff.

106. As a proximate result of Defendants' unlawful conduct, Defendants have or will obtain revenues by which they will be unjustly enriched at Plaintiff's expense.

107. Under the circumstances alleged herein, it would be unfair and inequitable for Defendants to retain income, profits, or goodwill it unjustly obtains at the expense of Plaintiff.

108. Plaintiff has no adequate remedy at law.

109. As a result of Defendants' wrongful conduct, Plaintiff is entitled to the preliminary and permanent injunctive relief requested herein and damages in an amount to be proven at trial.

110. Plaintiff further seeks an order establishing Defendants as constructive trustees of any profits by which they are unjustly enriched, together with interest during the period when Defendants retain such funds, and requiring Defendants to disgorge those funds to Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment and relief against Defendants as follows:

A. A preliminary and permanent injunction prohibiting Defendants and any employees, officers, members, managers, agents, representatives, successors, affiliates, assigns and any entities owned or controlled by Defendants, and all those in active concert and participation with Defendants, from:

    i. using the Discovery Global or Discovery Global Management marks, or any other marks confusingly similar to Plaintiff Discovery Land Company's trademarks;

    ii. using any trademark, service mark, name, logo, domain name, or source

74989750.1

designation that is a copy, reproduction, colorable imitation, or confusingly similar to Plaintiff Discovery Land Company's trademarks, or is likely to cause consumer confusion, mistake, or to deceive consumers that Defendants' products originate from Plaintiff or are authorized by, sponsored by, endorsed by, or otherwise affiliated with Plaintiff; and

iii. using the trade secrets of Plaintiff including, but not limited to, its customer list and database.

B. An award to Plaintiff of monetary remedies in an amount to be determined by a trier of fact for all harm caused by Defendants' actions, including Defendants' profits, the damages sustained by Plaintiff, costs of the action, reasonable attorneys' fees, and treble damages and profits as authorized by law;

C. An award of Plaintiff's interest, including prejudgment interest, on the foregoing amounts;

D. An order requiring Defendants to provide for destruction of all products, labels, signs, prints, advertisements or other materials in Defendants' possession bearing the infringing marks, Discovery Global and Discovery Global Management, or any other word, term, name, symbol, device, or combination thereof, designation, description or representation that is a reproduction, counterfeit, copy, or colorable imitation of Plaintiff Discovery Land Company's trademarks;

E. An order requiring Defendants to provide for destruction of Plaintiff's trade secret information including, but not limited to, its customer list and database;

F. An order establishing Defendants as constructive trustees of any profits by which they are unjustly enriched, together with interest during the period when Defendants retain such funds, and requiring Defendants to disgorge those funds to Plaintiff; and

G. Any other relief the Court deems just and proper.

///

# JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Dated this 5th day of October, 2020.

**POLSINELLI PC**

By: /s/ Eric E. Lynch
    Eric E. Lynch
    Michelle M. Buckley
    One East Washington St., Suite 1200
    Phoenix, AZ 85004

    Keith J. Grady (Pro Hac Vice to be filed)
    100 S. Fourth Street, Suite 1000
    St. Louis, MO 63102

*Attorneys for Plaintiff Discovery Land Company, LLC.*